```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| REGINALD LEACH, | |
| Petitioner, | Civil Action No. 12-7605 (JBS) |
| v. | |
| BEVERLY HASTINGS, et al., | **OPINION** |
| Respondents. | |

**APPEARANCES**:

> REGINALD LEACH, 791472A
> East Jersey State Prison
> Lock Bag R
> Rahway, New Jersey 07065
> *Petitioner Pro Se*
>
> CHRISTOPHER W. HSIEH, ESQ.
> PASSAIC COUNTY PROSECUTOR
> 401 Grand Street
> Paterson, New Jersey 07505-
> *Attorneys for Respondents*

**SIMANDLE, Chief Judge**[1]

Reginald Leach filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Passaic County, on February 20, 2004, as amended, after a jury found him guilty of first-degree robbery and third-degree criminal restraint. The

---

[1] This case was reassigned to the undersigned following the death of the Hon. Dickinson R. Debevoise in August, 2015.

State filed an Answer with the record, and Leach filed a Traverse and a letter requesting a stay.  After carefully reviewing the arguments of the parties and the state court record, this Court will deny a stay, dismiss the Petition with prejudice, and deny a certificate of appealability.

## I.   BACKGROUND

A.  The Crimes

Reginald Leach challenges a judgment of conviction imposing an extended 40-year term of imprisonment with 20 years of parole ineligibility imposed by the Superior Court of New Jersey, Law Division, Passaic County, on February 20, 2004, after a jury found him guilty of first-degree robbery and third-degree criminal restraint arising from the robbery of a Fashion Bug store in Totowa on September 20, 2000.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state court factual findings are presumed correct unless rebutted by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  As Leach has not rebutted the factual findings of the Superior Court of New Jersey, Appellate Division, the Court will rely on those findings.  See State v. Leach, Docket No. A-4766-03T4 sl. opinion (N.J. Super. Ct., App. Div., Dec. 28, 2006) (ECF No. 12-13).

The Appellate Division found that on September 20, 2000, Leach and co-defendant Gloria Walton entered the Fashion Bug shortly before it closed at 9 p.m.  When Tanisha Wilson, one of three store employees who was present, began to ring up several items of clothing for Leach and Walton, Leach grabbed the manager, Julie Alberti, and placed a gun to her head.  Leach directed Wilson to open the register and instructed Alberti to open the safe.  Leach removed $2,895 in cash from the safe and $778 in cash and checks from the register.  Leach ordered the employees to go into the fitting room and he barricaded the door with benches.  When the employees were able to get out of the fitting room, one of them called the police.  They described the man who robbed the store to Detective Blakely as a Black man with a light beard and a limp, who wore a dark baseball cap.

B.   State Court Proceedings

A grand jury indicted Leach on three counts relating to the Totowa Fashion Bug robbery (counts one, two and three), and on three counts relating to a robbery of a Fashion But in Parsippany that occurred on September 29, 2000 (counts four, five and six).  The trial court granted Leach's motion to sever counts one through three from counts four through six.  After a trial on counts one through three relating to the Totowa

3

robbery, on December 9, 2003, a jury found Leach guilty of the first-degree robbery of the Totowa store and third-degree criminal restraint, but acquitted him of unlawful possession of a weapon.  On February 20, 2004, the trial judge sentenced Leach as a persistent offender to an extended term of 40 years in prison, with 20 years of parole ineligibility.

Leach appealed, and on December 28, 2006, the Appellate Division affirmed the conviction but remanded for resentencing in accordance with State v. Pierce, 188 N.J. 155, 169 (2006), because the appellate court was not satisfied that the sentencing court understood that the sentencing range included the lower end of the ordinary range of a first degree crime and, therefore, the sentence imposed may have been higher than it might otherwise have been.  (ECF No. 12-13 at 13.)  On remand, the trial court evidently imposed the same term, but the amended judgment is not in the record.  On April 30, 2007, the New Jersey Supreme Court denied certification.  See State v. Leach, 190 N.J. 396 (2007) (table).

Leach filed his post-conviction relief petition in the trial court on February 6, 2008.  The trial court denied it without conducting an evidentiary hearing by order and opinion dated May 18, 2009.  Leach appealed, and the Appellate Division

4

affirmed on December 14, 2011.  See State v. Leach, 2011 WL 6183466 (N.J. Super. Ct., App. Div., Dec. 14, 2011).  The New Jersey Supreme Court denied certification on June 8, 2012.  See State v. Leach, 201 N.J. 479 (2012) (table).

C.  Procedural History of § 2254 Petition

On November 16, 2012, Leach signed and presumably handed to prison officials for mailing to the Clerk his § 2254 Petition (ECF No. 1.)  In an Opinion filed on February 20, 2013, Judge Debevoise explained the exhaustion requirement and gave Leach an opportunity to file an amended § 2254 petition containing all available federal claims, in accordance with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  (ECF Nos. 3, 4.)  In response, Leach filed an amended § 2254 Petition containing these grounds:

> Ground One:  THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED BECAUSE PETITIONER MADE A PRIMA FACIE SHOWING THAT HIS DUE PROCESS RIGHT TO BE PROTECTED AGAINST THE INTRODUCTION OF UNRELIABLE IDENTIFICATION EVIDENCE WAS VIOLATED.
>
> Ground Two:  SINCE PETITIONER MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE COURT MISAPPLIED ITS DISCRETION IN DENYING POST-CONVICTION RELIEF WITHOUT CONDUCTING A FULL EVIDENTIARY HEARING.
>
> Ground Three:  THE RULING DENYING POST-CONVICTION RELIEF VIOLATED PETITIONER'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

(ECF No. 5 at 4-5.)

The State filed an Answer arguing that Leach is not entitled to habeas relief.  Leach filed a Traverse or Reply, as well as a letter seeking a stay.

## II.  Request to Stay Petition

After filing his Traverse or Reply, Leach filed a letter stating that he filed a motion to correct an illegal sentence in the New Jersey court and asking that his pending § 2254 Petition be held in abeyance until he exhausted state remedies with respect to the illegal sentence claim.  (ECF No. 15.)  After the filing of Leach's initial § 2254 Petition on November 16, 2012, Judge Debevoise issued an Opinion and Order explaining the exhaustion requirement to Leach and giving him an opportunity to amend the habeas petition to include all available grounds in accordance with Mason v. Meyers, supra.  (ECF Nos. 3, 4.)  In response, Leach filed the amended § 2254 Petition presently before the Court, which does not include a ground challenging the legality of the sentence.  As the § 2254 Petition does not challenge the legality of the sentence, there is no basis for this Court to now stay the case in order for Leach to exhaust the illegal sentence claim.

Moreover, the filing of Leach's initial § 2254 petition on November 16, 2012, did not toll the 365-day statute of

6

limitations under 28 U.S.C. § 2244(d).  See Duncan v. Walker, 533 U.S. 167 (2001) (holding that a properly filed § 2254 petition does not toll the statute of limitations under § 2244(d)).  Accordingly, Leach's illegal sentence claim set forth in his letter dated March 5, 2015, (ECF No. 15), would in any event be time barred.  See 28 U.S.C. § 2244(d)(1) (imposing a one-year statute of limitations under § 2254, which generally begins to run from the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review).  For all of these reasons, the Court will deny the motion to stay the Petition to exhaust an illegal sentence claim.

### III.  STANDARD OF REVIEW FOR RELIEF UNDER § 2254

Section 2254 of title 28 of the United States Code sets limits on the power of a federal court to grant a habeas petition to a state prisoner.  See Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Where a state court

7

adjudicated petitioner's federal claim on the merits,[2] as in this case, a court "has no authority to issue the writ of habeas corpus unless the [state c]ourt's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States', or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Parker v. Matthews, 132 S.Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)).  "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong."  Woods v. Donald, 135 S.Ct. 1372, 1376 (2015).  The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits.  See Pinholster, 131 S.Ct. at 1398.

---

[2] "For the purposes of Section 2254(d), a claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that 1) finally resolves the claim, and 2) resolves th[at] claim on the basis of its substance, rather than on a procedural, or other, ground." Shotts v. Wetzel, 724 F.3d 364, 375 (3d Cir. 2013) (citation and internal quotation marks omitted).

8

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court.  See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004).  "[C]learly established law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of t[he Supreme Court's] decisions," as of the time of the relevant state-court decision.  Woods, 135 S.Ct. at 1376 (quoting White v. Woodall, 134 S.Ct. 1697, 1702 (2014), and Williams v. Taylor, 529 U.S. 362, 412 (2000)).  A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1) if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams, 529 U.S. at 405-06.  Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id., 529 U.S. at 413.

Where a petitioner seeks habeas relief, pursuant to § 2254(d)(2), on the basis of an erroneous factual determination

9

of the state court, two provisions of the AEDPA necessarily apply.  First, the AEDPA provides that "a determination of a factual issue made by a State court shall be presumed to be correct [and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  29 U.S.C. § 2254(e)(1); see Miller-El v. Dretke, 545 U.S. 231, 240 (2005).  Second, the AEDPA precludes habeas relief unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

## IV. DISCUSSION

A.   Ineffective Assistance of Counsel

In each of the three grounds of the amended § 2254 Petition, Leach claims that counsel was constitutionally ineffective.  He argues that counsel failed to adequately challenge the reliability of the identifications, failed to obtain and use at trial an outdated photograph of him which the police had received from another police department, and failed to attack the validity of information provided to the police by an anonymous caller.  Leach raised these grounds before the New Jersey courts on post-conviction relief.

10

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.  A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness."  Id. at 687-88.  To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Id. at 690.  The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" Hinton v. Alabama*, 134 S.Ct. 1081, 1083 (2014) (per curiam).  To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission."  Id., 134 S.Ct. at 1083.  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable

11

doubt respecting guilt." Id. at 1089 (quoting Strickland, 466 U.S. at 695).

    (1) Failure to Challenge Unreliable Identification Evidence

In Ground One of the Amended Petition, Leach argues that counsel failed to challenge the introduction of unreliable identification evidence. (ECF No. 5 at 4.) As factual support, he asserts that "[a] detective failed to preserve a post-it with the phone number of an anonymous caller and the records of his aborted attempt to create a composite sketch." Id. As Leach challenges counsel's conduct with respect to the anonymous caller in Ground Three, the Court will deal only with the composite sketch issue here.

Leach presented Ground One as ground one in his appeal from the denial of post-conviction relief. (ECF No. 12-18 at 27.) In affirming the denial of post-conviction relief, the Appellate Division found that shortly after the robbery Detective Blakely asked Ms. Velez, one of the Fashion Bug clerks, to assist police in developing a composite sketch of the robbers. The court noted that "[b]ecause the police computer malfunctioned and no sketch was generated . . ., Blakely did not keep notes of the meeting nor mention it in his investigative report." State v. Leach, 2011 WL 6183466 at *1 (N.J. Super. Ct., App. Div., Dec.

12

14, 2011).  The Appellate Division ruled that counsel's failure to attack Blakely's failure to record the aborted effort at generating a composite sketch "was a minor omission lacking significance" and that "[t]here is no basis to conclude that such a challenge would have in any way affected the outcome." Leach, 2011 WL 6183466 at *2.

This Court is required to presume the correctness of the Appellate Division's finding that Detective Blakely did not keep a record of the attempt to prepare a composite sketch because no sketch was created due to a computer malfunction.  See 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").  Leach has not rebutted the presumption by clear and convincing evidence, and he has not shown that the Appellate Division's findings were unreasonable in light of the evidence presented.[3]  Thus, he has not satisfied the requirements of 28 U.S.C. § 2254(d)(2).

---

[3] See also Miller-El v. Dretke, 545 U.S. at 240 (holding that a district court must " presume the [state] court' s factual

13

Moreover, given the finding that no sketch was created and the absence of evidence showing that the aborted attempt to create a sketch had any effect on Ms. Velez's pre-trial or in-court identification of Leach, the Appellate Division was not unreasonable in its application of clearly established Supreme Court precedent when it concluded that counsel's failure to challenge the absence of a record of the aborted effort at generating a composite sketch "was a minor omission lacking significance" and that "[t]here is no basis to conclude that such a challenge would have in any way affected the outcome." Leach, 2011 WL 6183466 at *2.  Accordingly, Leach is not entitled to habeas relief under § 2254(d)(1).  See Ross v. District Attorney of the County of Allegheny, 672 F.3d 198, 211 n.9 (3d Cir. 2012)) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.") (quoting Werts v. Vaughn, 228 F.3d 178, 202 (3d Cir. 2000)).

---

findings to be sound unless [petitioner] rebuts the ' presumption of correctness by clear and convincing evidence.'"); Rountree v. Balicki, 640 F.3d 530, 541-42 (3d Cir. 2011) (habeas court is "bound to presume that the state court' s factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence.") (quoting Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009)).

14

(2) Failure to Use Outdated Police Photograph

In Ground Two, Leach claims that the New Jersey "court misapplied its discretion in denying post-conviction relief without conducting a full evidentiary hearing." (ECF No. 5 at 4.) As factual support, he asserts that "[c]ounsel elected to omit obtaining an outdated police photograph not presented to any witness who testified at trial." Id. at 5. The Appellate Division found the following facts with respect to this claim:

> On September 26 and 27, 2000, Blakely contacted several police departments in an effort to locate a photograph of defendant. He acquired one "outdated" photograph. On October 12, 2000, once defendant was taken into custody, Blakely photographed him. That picture, not the outdated one, was included in the photo arrays shown to eyewitnesses. Velez, who was shown the array only once, and the other eyewitnesses, all selected defendant's photo.

Leach, 2011 WL 6183466 at *1.

The Appellate Division determined that counsel was not deficient in failing to obtain and use at trial the outdated photo Detective Blakely received from the Parsippany police because "that photo was not shown to the eyewitnesses involved[.]" Id. at *3. The court ruled that "defense counsel did not fall short of his professional responsibilities by not obtaining the photo, as it played no role in the eyewitness

15

identification or any other part of the case." Leach, 2011 WL 6183466 at *2.

Again, this Court is required to presume the correctness of these facts. Leach has not rebutted them by clear and convincing evidence or shown that the findings were unreasonable in light of the evidence presented at trial or on post-conviction relief. Because the photo "played no role in the eyewitness identification or any other part of the case," Leach, 2011 WL 6183466 at *2, the Appellate Division was not unreasonable in its application of Strickland to this claim and Leach is not entitled to habeas relief.

>(3) Failure to Attack the Validity of Information Provided by an Anonymous Caller

In Ground Three, Leach asserts that "[t]he ruling denying post conviction relief violated petitioner's right to effective assistance of counsel." (ECF No. 5 at 5.) As factual support, he asserts that counsel "elected to attack the validity of the information provided by an anonymous caller (who never testified at trial) during a pre-trial hearing without attempting to obtain that individual's name." Id.

Leach also presented this ground on appeal from the denial of post-conviction relief. The Appellate Division found the following facts regarding the anonymous caller:

16

> On September 25, 2000, Blakely was given the phone number of an anonymous caller to the station who claimed to have information regarding the robbery. The number was written on a post-it which Blakely later discarded. When Blakely spoke to the anonymous caller, he learned she had worked at a Marshall's department store next door to the Totowa Fashion Bug. The caller supplied defendant's name and co-defendant Gloria Walton's name, but refused to disclose her identity. After being given the suspects' names, Blakely obtained their criminal histories. He testified about these circumstances in full at a pretrial hearing conducted at defense counsel's behest with regard to the anonymous caller.

Leach, 2011 WL 6183466 at *1.

The Appellate Division determined that "trial counsel sufficiently developed the record regarding the anonymous caller. It would have been a massive undertaking to attempt to obtain that individual's name, with no possible discernable benefit to the defense. Even if the identity of the caller was known, it would not have affected the outcome." Id.

In his Traverse, Leach argues that if counsel had found out the identity of the anonymous caller, the caller would have testified and shown that Detective Blakely had testified falsely. (ECF No. 14 at 9-10.) He further argues that the anonymous caller would have supported his argument that the witnesses misidentified him. Id. The problem with these arguments is that Leach presented no facts to show what the anonymous caller would have told his attorney in the event that

17

the attorney had discovered her name and contacted her. Moreover, in light of the Appellate Division's factual finding that each of the three Fashion Bug eyewitnesses identified Leach, the Appellate Division was not unreasonable in its application of <u>Strickland</u> when it concluded that counsel's failure to uncover the anonymous caller's name did not affect the outcome of the trial. Accordingly, Leach is not entitled to habeas relief on Ground Three.

B.   Certificate of Appealability

Leach has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(B). <u>See</u> Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## V.   CONCLUSION

This Court denies the request for a stay, dismisses the Petition with prejudice, and denies a certificate of appealability.

s/ Jerome B. Simandle
JEROME B. SIMANDLE
Chief Judge

Dated: **December 21, 2015**

18